**SEYFARTH SHAW LLP**
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 27707200
Facsimile:   (310) 201-5219

**SEYFARTH SHAW LLP**
Haven L. Claytor (SBN 279058)
hclaytor@seyfarth.com
333 S. Hope Street, Suite 3900
Los Angeles, California 90071
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

Attorneys for Defendant
UNITED TECHNOLOGIES CORPORATION

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL LACERNA, an individual, | Case No.  '18CV0554 L    BLM |
| Plaintiff, | **NOTICE OF REMOVAL BY DEFENDANT UNITED TECHNOLOGIES CORPORATION** |
| v. | (San Diego Superior Court Case No. 37-2017-00041529-CU-WT-CTL] |
| UNITED TECHNOLOGIES CORPORATION, a corporation; PRECISION ENGINE CONTROLS CORPORATION, a corporation; MEGGITT (SAN DIEGO), INC. a corporation; MEGGITT HOLDINGS (CALIFORNIA), INC. a corporation and DOES 1-50 inclusive, | Complaint Filed:     November 1, 2017 |
| Defendants. | |

44830888v.3

1    **TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN**
2    **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF**
3    **RECORD:**

4         **PLEASE TAKE NOTICE THAT** Defendant United Technologies Corporation
5    ("UTC" or "Defendant") hereby removes the above-referenced action from the Superior
6    Court of the State of California for the County of San Diego, to the United States District
7    Court for the Southern District of California.  This removal is made pursuant to 28 U.S.C.
8    §§ 1441 and 1331, and UTC states that the removal is proper for the following reasons:

9    **I.    PROCEDURAL BACKGROUND IN STATE COURT**

10        1.    On November 1, 2017, Plaintiff Rafael Lacerna ("Plaintiff") filed a
11   Complaint in the State of California, County of San Diego, entitled, "RAFAEL
12   LACERNA, an individual, *Plaintiff, v. UNITED TECHNOLOGIES CORPORATION, a*
13   *corporation, PRECISION ENGINE CONTROLS CORPORATION, a corporation;*
14   *MEGGITT (SAN DIEGO), INC. a corporation; MEGGITT HOLDINGS (CALIFORNIA),*
15   *INC. a corporation; and DOES 1-50, inclusive, Defendants*" ("Complaint"), San Diego
16   County Superior Court Case No. 37-2017-00041529-CU-WT-CTL.  The Complaint
17   alleges seven causes of action for:  (1) Disability Discrimination; (2) Retaliation; (3)
18   Failure to Prevent Discrimination; (4) Failure to Accommodate; (5) Failure to Engage in
19   the Interactive Process; (6) Family Medical Leave Act; and (7) Unfair Business Practices.
20   A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

21        2.    On February 15, 2018, the agent for service of process for UTC was served
22   with the Service of Process Transmittal and Summons.  The documents served are
23   attached hereto collectively as **Exhibit 2**.

24        3.    On March 15, 2018, UTC timely answered the Complaint.  A true and
25   correct copy of its Answer is attached hereto as **Exhibit 3**.  Precision Engine Controls
26   Corporation dba Meggitt Control Systems San Diego ("PECC") was served by Notice
27   and Acknowledgment and filed its Answer in the San Diego County Superior Court on

28

March 15, 2018. (Declaration of Haven L. Claytor "Claytor Decl.," ¶ 5). A true and correct copy of the Answer filed by PECC is attached hereto as **Exhibit 4**.

4.    As of the filing of this Notice, according to the San Diego Superior Court online docket, Plaintiff has not filed a proof of service of the Summons and Complaint for UTC. (Claytor Decl., ¶ 3).

5.    **Exhibits 1, 2, and 3** constitute all of the pleadings served on or filed by UTC, and **Exhibit 4** constitutes all of the documents filed by PECC in the San Diego County Superior Court, or retrieved from the Superior Court's records prior to filing of this Notice of Removal. (Claytor Decl., ¶¶ 3, 5).

## II.    TIMELINESS OF REMOVAL

6.    This notice of removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of service upon moving Defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

7.    Defendant's Notice of Removal is timely because it is being filed within 30 days of when UTC was served with the Summons and Complaint on February 15, 2018, and within one year of the commencement of this action.

## III.    JOINDER

8.    PECC consents to UTC's Notice of Removal.

## IV.    FEDERAL QUESTION JURISDICTION

9.    This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The requirements of 28 U.S.C. § 1331 have been met because Plaintiff alleges claims arising under the  Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). (*See* Ex. 1, Complaint, ¶¶ 60-66).

NOTICE OF REMOVAL BY DEFENDANT UNITED TECHNOLOGIES CORPORATION

44830888v.3

10. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's remaining claims because they are substantially related to, and arise out of the same nucleus of operative facts as Plaintiff's federal claim such that they should all be tried in one action. *See Nishimoto v. Federman-Bachrach & Assoc.*, 903 F. 2d 709, 714 (9th Cir. 1990) (supplemental jurisdiction established where plaintiff's "state law claims derive from the same nucleus of operative fact as the [federal] claim—her dismissal by [the employer defendant].").  Considerations of convenience, judicial economy and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint. *See United Mine Works v. Gibbs*, 383 U.S. 715, 725-26 (1966).

11. Plaintiff's sixth cause of action alleges that Defendants violated the FMLA "by interfering with, restraining or denying Mr. Lacerna employment" after Plaintiff went out on FMLA leave. (Ex. 1, Complaint, ¶¶ 62-63).  Similarly, Plaintiff's state law claims are substantially related to and arise out of the same nucleus of operative facts, i.e. Plaintiff taking FMLA leave and allegedly being denied employment thereafter. (*Id.* at ¶¶ 10-25, 28, 33, 39, and 69).

12. Plaintiff also alleges in his disability claim that his employment was terminated because of his "use of Family Medical Leave Act leave." (*Id.* at ¶ 28). Further, to support his retaliation claim, Plaintiff alleges that he engaged in a protected activity when he requested to return to work after his FMLA leave. (*Id.* at ¶ 33).  The rest of Plaintiff's claims are all derivative of his discrimination, retaliation and FMLA claims. Because the discrimination and retaliation claims are substantially related to and arise out of the same nucleus of operative facts as the FMLA claim, so too do Plaintiff's other state law claims.

13. Accordingly, this action is removable under 28 U.S.C. § 1441(a) because Court has original federal jurisdiction over Plaintiff's sixth claim pursuant to 28 U.S.C. §

NOTICE OF REMOVAL BY DEFENDANT UNITED TECHNOLOGIES CORPORATION

44830888v.3

1331 and supplemental jurisdiction over her remaining claims pursuant to 28 U.S.C. § 1367(a).

## IV.   VENUE

14.     Venue lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§84(d), 1441(a), and 1446(a).  This action originally was brought in the Superior Court of the State of California, County of San Diego, which is located within the Southern District of California.  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

15.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and the other named Defendants, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Diego, in the State Court Action.

16.     This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

17.     In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed or served or retrieved from the San Diego County Superior Court are attached as **Exhibits 1, 2, 3** and **4.**

## VI.   PRAYER FOR REMOVAL

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California.

NOTICE OF REMOVAL BY DEFENDANT UNITED TECHNOLOGIES CORPORATION

44830888v.3

1    DATED: March 16, 2018                    Respectfully submitted,

2                                              SEYFARTH SHAW LLP

3

4                                              By: /s/ Haven L. Claytor

5                                                  Jonathan L. Brophy
                                                   Haven L. Claytor
6                                                  Attorneys for Defendant
                                                   UNITED TECHNOLOGIES
7                                                  CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL BY DEFENDANT UNITED TECHNOLOGIES
CORPORATION

44830888v.3

# EXHIBIT 1

EXHIBIT 1

1  Jennifer B. Siverts CA SBN: 247060
   Adam M. Kent  CA SBN: 270855
2  Law Offices of Jennifer B. Siverts
   4455 Morena Blvd., Suite 213
3  San Diego, CA 92117
   T- (858) 272-5800
4  F - (858) 272-2874
5  Attorneys for Plaintiff
6
7
8
9
10
11

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**11/01/2017** at 03:49:37 PM
Clerk of the Superior Court
By Nicole Adams, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| 11 RAFAEL LACERNA, an individual; ) | **Civil Case No.:** 37-2017-00041529-CU-WT-CTL |
| 12 ) | |
| 13 Plaintiff, ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| 14 v. ) | |
| 15 UNITED TECHNOLOGIES CORPORATION, a ) | |
| 16 corporation, PRECISION ENGINE CONTROLS ) CORPORATION, a corporation; MEGGITT (SAN ) | |
| 17 DIEGO), INC. a corporation; MEGGITT ) | |
| 18 HOLDINGS (CALIFORNIA), INC. a corporation ) and DOES 1-50 inclusive, ) | |
| 19 ) | |
| 20 Defendants. ) | |

21

## GENERAL ALLEGATIONS

23      Plaintiff hereby brings this Complaint for Damages for **(1)** Disability Discrimination (Cal. Gov.

24  Code §12940(a)); **(2)** Retaliation (Cal Gov. Code §12940(h) and §12945.2(l)); **(3)** Failure to Prevent

25  Discrimination (Cal Gov. Code §12940(k)) **(4)** Failure to Accommodate (Cal. Gov. Code §12940(m)); **(5)**

26  Failure to Engage in the Interactive Process (Cal Gov. Code §12940(n)); **(6)** Family Medical Leave Act 29

27  U.S.C. § 2601 et seq. **(7)** Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200-17208)

28

1                                    **VENUE AND JURISDICTION**

2         1.  Venue is proper in this Court, as events described in the Complaint are located within the

3 Jurisdiction.

4                                         **PARTIES**

5         2.  At all times mentioned herein, Plaintiff RAFAEL LACERNA (hereinafter referred to as

6 "Plaintiff", or "Mr. Lacerna") was and is an individual who, at all relevant times, worked and resided in

7 San Diego County, California.

8         3.  At all times mentioned herein, Defendant UNITED TECHNOLOGIES CORPORATION

9 (hereinafter referred to as "UTC") was and is a company doing business in the County of San Diego and

10 is the company who employed and/or assumed the employment of Plaintiff at times relevant herein. At all

11 relevant times, UTC has maintained at least five (5) employees.

12         4.  At all times mentioned herein, Defendant PRECISION ENGINE CONTROLS

13 CORPORATION (hereinafter referred to as "PRECISION") was and is a company doing business in the

14 County of San Diego and is the company who employed and/or assumed the employment of Plaintiff at

15 times relevant herein. At all relevant times, PECC has maintained at least five (5) employees.

16         5.  At all times mentioned herein, Defendant MEGGITT (SAN DIEGO), INC. (hereinafter

17 referred to as "MEGGITT") was and is a company doing business in the County of San Diego and is the

18 company who employed and/or failed to assume the employment of Plaintiff at times relevant herein. At

19 all relevant times, MEGGITT has maintained at least five (5) employees.

20         6.  At all times mentioned herein, Defendant MEGGITT HOLDINGS (CALIFORNIA), INC.

21 (hereinafter referred to as "Meggitt Holdings") was and is a company doing business in the County of San

22 Diego and is the company that owns MEGGITT and PRECISION at relevant times and employed and/or

23 failed to assume the employment of Plaintiff at times relevant herein. At all relevant times, Meggitt

24 Holdings has maintained at least five (5) employees.

25         7.  All Defendants heretofore named shall hereinafter be known collectively as "Defendants."

26 //

27 //

28 //

1   8.  Plaintiff is ignorant of the true identity and capacity of Defendants designated as DOES 1
2   through 50, but will amend the Complaint when their identities have been ascertained according to proof
3   at the time of trial.  Plaintiff alleges on information and belief, however, that Defendants, and every DOE
4   Defendant is in some manner responsible for the acts, omissions, and conduct of Defendants, and were,
5   and are, responsible for the injuries, damages, and harm, incurred by Plaintiff.  Plaintiff further alleges on
6   information and belief that each such designated Defendant acted, and acts, as authorized agent,
7   representative, and associate of the Defendants in doing the things alleged herein.

8                                   **FACTUAL ALLEGATIONS**
9                                   **Related to All Claims**

10   9.  Complainant,  Rafael  Lacerna  worked  for  Defendant  UNITED  TECHNOLIGIES
11   CORPORATION dba UTC Aerospace System (hereinafter referred to as "UTC") or its subsidiaries or
12   predecessors, including Defendant PRECISION ENGINE CONTROLS CORP. (hereinafter referred to as
13   "PRECISION") since 1999, and during relevant times, worked under the title of E/M Technician II.

14   10.  In September of 2014, Mr. Lacerna suffered an injury at work that limited major life activities
15   for Mr. Lacerna, and he began a medical leave of absence.

16   11. On or about October 19, 2015, Mr. Lacerna's physician released him back to work with
17   restrictions and indicated that the restrictions would be lifted as of December 7, 2015.

18   12. Mr. Lacerna asked to return to work as of October 26, 2015 but was never given a straight
19   answer as to how or when he could return.

20   13. Mr. Lacerna received a letter dated November 15, 2015 stating that his disability insurance
21   would be discontinued because his physician had indicated that he could return to work.

22   14.  On or about November 22, 2015 Mr. Lacerna again contacted his employer to try to get back
23   to work with the restrictions.

24   15. This time, UTC told him that PRECISION was being sold to Defendant MEGGITT (SAN
25   DIEGO), INC. (hereinafter referred to as "MEGGITT") and that it would be up to MEGGITT whether or
26   not he could return to work.

27   16. Mr. Lacerna contacted MEGGITT and requested he be returned to work.

28   //

1      17. On or about December 5, 2015, a MEGGITT representative told Mr. Lacerna that they could
2    not accommodate him without any further explanation or request for more information.

3      18. On or about December 7, 2015, Mr. Lacerna was released by his doctor to return to work
4    without restrictions.

5      19. On the same day, Mr. Lacerna complained to both entities that he felt he was being
6    discriminated against because of his medical condition and not being allowed to return to work.

7      20. UTC's response was that they were "transferring" his employment to MEGGITT.

8      21. On or about December 15, 2015 Mr. Lacerna was told by MEGGITT that they will not hire
9    him.

10     22. Based on information and belief, all other non-disabled Technicians from UTC were retained
11   by MEGGITT.

12     23. On information and belief, instead of bringing in Mr. Lacerna, MEGGITT hired another
13   Technician to fill his duties who had not recently used medical leave, requested accommodations, made
14   complaints of discrimination, and who was not disabled or regarded as disabled.

15     24. On or about January 22, 2016, MEGGITT sent Mr. Lacerna, through his counsel, a letter
16   stating that Mr. Lacerna was specifically excluded from the list of employees who would stay with
17   PRECISION in its transfer to MEGGITT during the due diligence between UTC and MEGGITT.

18     25. The letter further stated that due to his status as on a medical leave of absence, Mr. Lacerna
19   remained an employee of UTC until December 7, 2015.

20     26. Mr. Lacerna has filed a claim with the California Department of Fair Employment and
21   Housing, which has issued a "Right To Sue" letter to Plaintiff, dated November 22, 2016 under Case
22   Number 45137-263553 against all named Defendants in this action. A true and correct copy of the "Right
23   To Sue" letter is attached hereto and incorporated herein as Exhibit "A."

24                          **FIRST CAUSE OF ACTION**
25                      **AGAINST DEFENDANTS AND DOES 1-50**
26                      **FOR DISABILITY DISCRIMINATION**

27     27. Plaintiff Rafael Lacerna realleges and incorporates by reference the allegations contained in all
28   preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

1      28. Mr. Lacerna is informed, believes, and thereon alleges that the termination of employment,

2  failure to engage in an interactive process, failure to accommodate by Defendants was motivated by

3  Defendants' knowledge of Mr. Lacerna's protected classes including disability, perceived disability,

4  covered medical condition, use of medical leave and use of Family Medical Leave Act leave, in violation

5  of Government Code section 12940(a).

6      29. As a direct, proximate, and foreseeable result of the unlawful conduct of Defendants, and

7  DOES 1 through 50, inclusive, as alleged, Mr. Lacerna has suffered and continues to suffer substantial

8  losses in income and benefits, all to his damage in an amount not yet ascertained. Mr. Lacerna will seek

9  leave to amend this Complaint to insert the amount of such damages when they are ascertained or on

10  proof thereof.

11      30. The acts taken toward Mr. Lacerna were carried out by managing agents of Defendants and/or

12  with the ratification and approval of officers and/or managing agents of Defendants, in a malicious,

13  oppressive or fraudulent manner in order to harm Mr. Lacerna, or with the willful and conscious disregard

14  for his rights. Such conduct was despicable, and justifies an award of punitive damages against

15  Defendants, in an amount sufficient to deter each entity from engaging in such conduct again in the future.

16      31. Pursuant to Gov. Code. § 12965(b), Mr. Lacerna is entitled to recover the reasonable attorneys'

17  fees and costs incurred in connection with this action.

18                      **SECOND CAUSE OF ACTION**

19                **AGAINST DEFENDANTS AND DOES 1-50**

20                        **FOR RETALIATION**

21      32.    Plaintiff Rafael Lacerna realleges and incorporates by reference the allegations contained

22  in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

23      33.    Mr. Lacerna is informed, believes, and thereon alleges that the termination of employment,

24  failure to engage in an interactive process, and the failure to accommodate Mr. Lacerna by Defendants

25  was motivated by Defendants' knowledge of his protected activities including requesting

26  accommodations, requesting an interactive process, requesting a return to work after medical leave, and

27  complaining of discrimination, in violation of Government Code section 12940(h).

28  //

34.     As a direct, proximate, and foreseeable result of the unlawful conduct of Defendants, and DOES 1 through 50, inclusive, as alleged, Mr. Lacerna has suffered and continues to suffer substantial losses in income and benefits, all to his damage in an amount not yet ascertained. Mr. Lacerna will seek leave to amend this Complaint to insert the amount of such damages when they are ascertained or on proof thereof.

35.     The acts taken toward Mr. Lacerna were carried out by managing agents of Defendants and/or with the ratification and approval of officers and/or managing agents of Defendants, in a malicious, oppressive or fraudulent manner in order to harm Plaintiff, or with the willful and conscious disregard for Plaintiff's rights. Such conduct was despicable, and justifies an award of punitive damages against Defendants, in an amount sufficient to deter each entity from engaging in such conduct again in the future.

36.     Pursuant to Gov. Code. § 12965(b), Mr. Lacerna is entitled to recover the reasonable attorneys' fees and costs incurred in connection with this action

**THIRD CAUSE OF ACTION**

**AGAINST DEFENDANTS AND DOES 1-50**

**FOR FAILURE TO PREVENT DISCRIMINATION**

37.     Plaintiff Rafael Lacerna realleges and incorporates by reference the allegations contained in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

38.     Defendants are joint-employers with more than one hundred (100) employees, and maintain a separate human resources department.

39.     In each of its capacity as large employers, Defendants are required to assure that their managers, supervisors, and human resources personnel are knowledgeable of the laws that relate to disability discrimination, medical leave, reasonable accommodations, and the interactive process as described in Government Code § 12940 *et seq.,* and § 12945.2.

40.     As set forth above, Plaintiff's termination based on the fact that he requested accommodations in the form of work duty modifications and later, a return to work, but was told that none of the entities were responsible for his employment, which indicates that Defendants had not instituted reasonable policies and procedures, within its respective departments, to assure that employees of Defendants would be afforded their full rights under all applicable state employment laws and anti-discrimination laws.

1       41.    Mr. Lacerna's termination, Defendants' failure to afford Mr. Lacerna reasonable
2   accommodations and Defendants' failure to implement the interactive process to determine reasonable
3   accommodations for Plaintiff indicate that Defendants had not taken reasonable steps within its
4   organization to prevent discrimination from occurring.

5       42.    As a direct and proximate result of the defendants' and each of their actions alleged herein,
6   Mr. Lacerna has suffered and continues to suffer extreme physical and emotional distress, financial
7   hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an
8   amount to be proven at trial.

9       43.    The acts taken toward Mr. Lacerna were carried out by managing agents of Defendants
10  and/or with the ratification and approval of officers and/or managing agents of Defendants, in a malicious,
11  oppressive or fraudulent manner in order to harm him, or with the willful and conscious disregard for his
12  rights. Such conduct was despicable, and justifies an award of punitive damages against Defendants, in an
13  amount sufficient to deter each entity from engaging in such conduct again in the future.

14      44.    As a further direct and proximate result of defendants' and each of their actions alleged
15  herein, Plaintiff has incurred, and continues to incur, legal fees, costs, and other expenses in the
16  prosecution of this matter

**FOURTH CAUSE OF ACTION**

**AGAINST DEFENDANTS AND DOES 1-50**

**FOR FAILURE TO ACCOMMODATE**

20      45.    Rafael Lacerna realleges and incorporates by reference the allegations contained in all
21  preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

22      46.    Following his diagnoses, Mr. Lacerna was given medical advice to limit standing, walking,
23  bending or twisting, not to climb or work at heights and given weight restrictions for pushing, pulling and
24  lifting, thereby limiting major life activities.

25      47.    Mr. Lacerna provided Defendants with his doctors' notes and responded to any inquiries
26  from Defendants.

27      48.    Once he was released by his doctor to return to modified duty, Mr. Lacerna requested that
28  he be returned to work on multiple occasions.

49.     Defendants never entertained the idea of returning to work on modified duties but instead told him that they were no longer, or never were, responsible for his employment.

50.     Despite Defendants' knowledge of Mr. Lacerna's physical disability and his request for reasonable accommodations, Defendants failed to make reasonable accommodations in the work schedule and description of duties as required by Government Code section 12940(m) to accommodate Plaintiff's physical disability.

51.     As a direct and proximate result of the Defendants' actions alleged herein, Mr. Lacerna has suffered and continues to suffer extreme physical and emotional distress, financial hardship, wage losses, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proven at trial.

52.     The acts taken toward Mr. Lacerna were carried out by managing agents of Defendants and/or with the ratification and approval of officers and/or managing agents of Defendants, in a malicious, oppressive or fraudulent manner in order to harm Mr. Lacerna, or with the willful and conscious disregard for his rights. Such conduct was despicable, and justifies an award of punitive damages against Defendants, in an amount sufficient to deter each entity from engaging in such conduct again in the future.

53.     As a further direct and proximate result of Defendant's actions alleged herein, Plaintiff has incurred, and continues to incur, legal fees, costs, and other expenses in the prosecution of this matter.

## FIFTH CAUSE OF ACTION

## AGAINST DEFENDANTS AND DOES 1-50

## FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

54.     Rafael Lacerna realleges and incorporates by reference the allegations contained in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

55.     Mr. Lacerna provided Defendants with medical documentation of his disability and work restrictions and requested that he be returned to work.

56.     Defendants each denied that they owed him any employment.

57.     As a direct, proximate, and foreseeable result of the unlawful conduct of Defendants, and DOES 1 through 50, inclusive, as alleged, Mr. Lacerna has suffered and continues to suffer substantial losses in income and benefits, all to his damage in an amount not yet ascertained. Mr. Lacerna will seek

1  leave to amend this Complaint to insert the amount of such damages when they are ascertained or on
2  proof thereof.

3      58.    The acts taken toward Mr. Lacerna were carried out by managing agents of Defendants
4  and/or with the ratification and approval of officers and/or managing agents of Defendants, in a malicious,
5  oppressive or fraudulent manner in order to harm him, or with the willful and conscious disregard for his
6  rights. Such conduct was despicable, and justifies an award of punitive damages against Defendants, in an
7  amount sufficient to deter each entity from engaging in such conduct again in the future.

8      59.    Pursuant to Gov. Code. § 12965(b), Plaintiff is entitled to recover the reasonable attorneys'
9  fees and costs incurred in connection with this action.

10                              **SIXTH CAUSE OF ACTION**

11                          **AGAINST DEFENDANTS AND DOES 1-50**

12      **FOR INTERFERENCE WITH RIGHTS UNDER FAMILY MEDICAL LEAVE ACT**

13      60.    Plaintiff, Rafael Lacerna realleges and incorporates by reference the allegations contained
14  in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

15      61.    Defendants are all employers covered by the Family Medical Leave Act pursuant to 29
16  USC 2601 et. seq.

17      62.    When Mr. Lacerna initially went on medical leave, he was entitled to leave pursuant to 29
18  CFR §825.114.

19      63.    Defendants engaged in prohibited conduct under the FMLA by interfering with, restraining
20  or denying Mr. Lacerna employment thereafter.

21      64. As a direct and proximate result of the Defendant's actions alleged herein, Mr. Lacerna has
22  suffered, and continues to suffer, extreme physical and emotional distress, financial hardship, wage losses,
23  loss of benefits, humiliation, mental anguish, mental and physical pain, and other damages in an amount
24  to be proven at trial.

25      65. The acts taken toward Mr. Lacerna were carried out by managing agents of Defendants and/or
26  with the ratification and approval of officers and/or managing agents of Defendants, in a malicious,
27  oppressive or fraudulent manner in order to harm Mr. Lacerna, or with the willful and intentional
28  disregard for his rights. Such conduct was despicable, and justifies an award of liquidated damages
   against Defendants.

66.     As a further direct and proximate result of Defendant's actions alleged herein, Plaintiff has incurred, and continues to incur, legal fees, costs, and other expenses in the prosecution of this matter.

### SEVENTH CAUSE OF ACTION

### AGAINST DEFENDANTS AND DOES 1-50

### UNFAIR BUSINESS PRACTICES

67.     Plaintiff realleges and incorporates by reference the allegations contained in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

68.     The foregoing conduct, as alleged, violates the California Unfair Competition Law (UCL), pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.* prohibiting unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

69.     Throughout the course of Mr. Lacerna's employment, Defendants committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein, including but not limited to discrimination against him on the basis of his disability, retaliating against him for requesting accommodations and complaints of being treated unfairly, and denying that he was employed at all.

70.     Defendants attempted to circumvent laws against discrimination by leaving Mr. Lacerna "employed" with UTC, an entity that no longer uses his position and skills, even though all other PRECISION employees similarly situated to Mr. Lacerna were moved to MEGGITT to continue performing duties, until his termination on December 7, 2015.

71.     Defendants conduct has damaged Mr. Lacerna by wrongfully denying him wages and benefits and therefore was substantially injurious to Mr. Lacerna.

72.     Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

73.     Plaintiff seeks disgorgement in the amount of the respective unpaid benefits and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

1  **WHEREFORE PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS AS**

2  **FOLLOWS:**

3  1.  For compensatory damages;

4  2.  For incidental and consequential damages;

5  3.  For general damages;

6  4.  For restitution and/or disgorgement;

7  5.  For punitive damages;

8  6.  For all applicable statutory damages;

9  7.  For Plaintiff's reasonable attorney's fees, expenses, and costs of suit as provided by law;

10  8.  For pre-judgment and post-judgment interest to the extent permitted by law;

11  9.  For costs of suit incurred herein; and

12  10. For such other and further relief as is just and proper

13

14  Dated: 9/25/17                                LAW OFFICES OF JENNIFER B. SIVERTS

15

16  _____

17                                                JENNIFER B. SIVERTS
                                                  ADAM M. KENT
18                                                Attorneys for Plaintiff

19

20                                      Demand for Jury Trial

21        Plaintiff hereby demands a jury trial in the above-captioned action.

22  Dated: 9/25/17                                LAW OFFICES OF JENNIFER B. SIVERTS

23

24  _____

25                                                JENNIFER B. SIVERTS
                                                  ADAM M. KENT
26                                                Attorneys for Plaintiff

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

COMPLAINT FOR DAMAGES

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

November 22, 2016

Rafael Lacerna
7766 Dry Creek Pl
San Diego, California 92114

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 45137-263553
Right to Sue: Lacerna / United Technologies Corporation

Dear Rafael Lacerna,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 22, 2016 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc: Precision Engine Controls Corporation

Meggitt (San Diego), Inc.

Meggitt Holdings (California), Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                              DFEH No. 45137-263553
Rafael Lacerna, Complainant.
7766 Dry Creek Pl
San Diego, California 92114

vs.

United Technologies Corporation, Respondent.
10 Farm Springs Road
Farmington, Connecticut 06032

Complainant alleges:

1. Respondent **United Technologies Corporation** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **December 15, 2015**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Denied a good faith interactive process, Denied employment, Denied reasonable accommodation, Denied reinstatement, Terminated,** . Complainant believes respondent committed these actions because of their: **Disability, Engagement in Protected Activity, Family Care or Medical Leave, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics** .

3. Complainant **Rafael Lacerna** resides in the City of **San Diego,** State of **California**. If complaint includes co-respondents please see below.

FEH 902-1

-5-
*Complaint ±DFEH No. 45137-263553*
Date Filed: November 22, 2016

1

2 **Co-Respondents:**
Precision Engine Controls Corporation

3
1955 Surveyor Avenue
Simi Valley  California 93063

4
Meggitt (San Diego), Inc.

5
1955 Surveyor Avenue
Simi Valley  California 93063

6
Meggitt Holdings (California), Inc.

7
1955 N. Surveyor Avenue
Simi Valley  California 93063

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

*Complaint ± DFEH No. 45137-263553*

FEH 902-1

Date Filed: November 22, 2016

1

2      **Additional Complaint Details:**

3
Complainant, Rafael Lacerna worked for UTC Aerospace System (a subsidiary of
4      United Technologies Corporation) or its subsidiaries or predecessors, including
Precision Engine Controls Corp. since 1999 and during relevant times, worked under
5      the title of E/M Technician II. In September of 2014, Complainant suffered an injury at
work and began a medical leave of absence.   On or about November 7, 2015,
6      Complainant`s physician released him back to work with restrictions and indicated that
Complainant would be without restrictions as of December 7, 2015. Mr. Lacerna asked
7      to return to work but was never given a straight answer as to how or when he could
return. On or about November 15, 2015, Mr. Lacerna received a letter stating that his
8      disability insurance would be discontinued because his physician had indicated that he
9      could return to work. Complainant again contacted his employer to try to get back to
work with the restrictions. This time, UTC Aerospace System told him that the company
10     was being sold to Meggitt and that it would be up to Meggitt whether or not he could
11     return to work. Complainant contacted Meggitt and requested he be returned to work.
On or about December 5, 2015, a Meggitt representative told Complainant that they
12     could not accommodate him. On or about December 7, 2015, Complainant was
released by his doctor to return to work without restrictions. On the same day,
13     Complainant was told by UTC Aerospace System that they were transferring
Complainants employment to Meggitt. On or about December 15, 2015 Complainant
14     was told by Meggitt that they will not hire Complainant. Complainant complained to
15     both entities that he felt he was being discriminated against because of his medical
condition. Based on information and belief, all other Technicians from UTC Aerospace
16     System were retained by Meggitt. On information and belief, Meggitt instead hired
another Technician to fill Complainant`s duties who had not just used medical leave,
17     made complaints of discrimination, nor was regarded as disabled. On or about January
18     22, 2016, Meggitt Control System, through its counsel, sent Complainant, through his
counsel, a letter stating that Mr. Lacerna was specifically excluded from the list of
19     employees who would stay with Precision Engine Controls Corp. during the due
diligence between UTC and Meggitt. Due to his status as on a medical leave of
20     absence, Mr. Lacerna remained an employee of UTC until December 7, 2015. Meggitt
is now the owner of Precision Engine Controls Corp.
21

22

-7-
*Complaint ± DFEH No. 45137-263553*

Date Filed: November 22, 2016

1

## VERIFICATION

2

I, **Adam Kent**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing
complaint and know the contents thereof.   The same is true of my own knowledge, except as to those matters
which are therein alleged on information and belief, and as to those matters, I believe it to be true.

3

4

On November 22, 2016, I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

5

6

San Diego, California
**Adam Kent**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

FEH 902-1

-8-

*Complaint ± DFEH No. 45137-263553*

Date Filed: November 22, 2016

# EXHIBIT 2

EXHIBIT 2

 CT Corporation

**Service of Process Transmittal**
02/15/2018
CT Log Number 532807413

**TO:**   Donna LeDuc
United Technologies Corporation
10 Farm Springs Rd
Farmington, CT 06032-2577

**RE:**   **Process Served in California**

**FOR:**   United Technologies Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RAFAEL LACERNA, etc., Pltf. vs. UNITED TECHNOLOGIES CORPORATION, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Attachment(s) |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA
Case # 37201700041529CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/15/2018 at 14:20 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jennifer B. Siverts
Law Office of Jennifer B. Siverts
4455 Morena Blvd
Ste 213
San Diego, CA 92117
858-272-5800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/16/2018, Expected Purge Date: 03/18/2018

Image SOP

Email Notification,  Donna LeDuc  donna.leduc@utc.com

Email Notification,  Cathy Bentley  cathy.bentley@utc.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EEB 1 5 2018

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

22°
p

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED TECHNOLOGIES CORPORATION, a corporation. PRECISION ENGINE
CONTROLS CORPORATION, a corporation; MEGGIT (SAN DIEGO), INC. a corporation;
MEGGITT HOLDINGS (CALIFORNIA), INC. a corporation and DOES 1-50 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Rafael Lacerna

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/01/2017** at 03:49:37 PM

Clerk of the Superior Court
By Nicole Adams, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Halls of Justice

330 W Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2017-00041526-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Office of Jennifer B. Siverts; 4455 Morena Blvd., Ste 213, San Diego, CA 92117; 858-272-5800

| DATE: 11/02/2017 (Fecha) | Clerk, by (Secretario) | N. Adams | , Deputy (Adjunto) |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **United Technologies Corporation, a Corporation**

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*    EEB 1 5 2018

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jennifer B. Siverts / Adam M. Kent    247060 / 270855<br>Law Office of Jennifer B. Siverts<br>4455 Morena Blvd., Ste 213<br>San Diego, CA 92117<br>TELEPHONE NO: 858-272-5800    FAX NO: 858-272-2874<br>ATTORNEY FOR *(Name)*: Rafael Lacerna | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**11/01/2017** at 03:49:37 PM<br><br>Clerk of the Superior Court<br>By Nicole Adams, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central- Halls of Justice

CASE NAME:
Lacerna v. United Technologies Corporation, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>37-2017-00041629-CU-WT-CTL |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joan M. Lewis<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.☑ monetary    b.☐ nonmonetary; declaratory or injunctive relief    c.☑ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/25/17

Jennifer B. Siverts
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT 3

EXHIBIT 3



1  **SEYFARTH SHAW LLP**
   Jonathan L. Brophy (SBN 245223)
2  jbrophy@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
4  Facsimile:    (310) 201-5219

5  **SEYFARTH SHAW LLP**
   Haven L. Claytor (SBN 279058)
6  hclaytor@seyfarth.com
   333 S. Hope Street, Suite 3900
7  Los Angeles, California 90071
   Telephone:    (213) 270-9600
8  Facsimile:    (213) 270-9601

9  Attorneys for Defendant
   UNITED TECHNOLOGIES CORPORATION
10

11

12                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

13             COUNTY OF SAN DIEGO - CENTRAL DIVISION - HALL OF JUSTICE

14  RAFAEL LACERNA, an individual,              Case No. 37-2017-00041529-CU-WT-CTL

15              Plaintiff,                       [CASE ASSIGNED TO JUDGE JOAN M. LEWIS,
                                                        DEPARTMENT C-65]
16       v.

17  UNITED TECHNOLOGIES CORPORATION, a        **DEFENDANT UNITED TECHNOLOGIES**
    corporation, PRECISION ENGINE CONTROLS    **CORPORATION'S ANSWER TO**
18  CORPORATION, a corporation; MEGGITT       **PLAINTIFF'S UNVERIFIED COMPLAINT**
    CORPORATION, a corporation; MEGGITT
19  (SAN DIEGO), INC. a corporation; MEGGITT  Date Action Filed:    November 1, 2017
    HOLDINGS (CALIFORNIA), INC. a corporation Trial Date:          None set
20  and DOES 1-50 inclusive,

21              Defendants.

22

23

24

25

26

27

28

---
DEFENDANT UNITED TECHNOLOGIES CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT

44589221v.3

Defendant United Technologies Corporation ("Defendant"), hereby answers the unverified Complaint of Plaintiff Rafael Lacerna ("Plaintiff"), for itself and no other Defendants, as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally each and every allegation and cause of action in Plaintiff's Complaint, and without limiting the generality of the foregoing, further denies that Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of Defendant.

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE OR OTHER DEFENSE

### (Failure To State A Cause Of Action - All Causes of Action)

1.      The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action or claim for relief.

## SECOND AFFIRMATIVE DEFENSE OR OTHER DEFENSE

### (Improper Party - All Causes of Action)

2.      Plaintiff's claims are insufficient to state a claim against Defendant because Defendant was not Plaintiff's employer during the relevant time period.

## THIRD AFFIRMATIVE DEFENSE OR OTHER DEFENSE

### (Statute Of Limitations - All Causes of Action)

3.      Plaintiff's Complaint, and each cause of action contained therein, is barred by the applicable statute of limitations for each cause of action contained therein, including, but not limited to, California Government Code sections 12960(d) and 12965(b), California Business and Professions Code section 17208, and California Code of Civil Procedure sections 335.1. and 338(a).

//

//

//

2

44589221v.3

1

## FOURTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

2

### (Failure to Exhaust Administrative Remedies - First, Second, Third, Fourth, Fifth and Sixth

3

### Causes of Action)

4        4.      Plaintiff's causes of action are barred in whole or in part to the extent he failed to exhaust

5  required administrative procedures or remedies or otherwise failed to complete, in a timely manner,

6  those steps that are a necessary prerequisite under the law to the filing of the Complaint, including but

7  not limited to the deadlines under Government Code §§ 12940, *et seq*.

8

## FIFTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

9

### (Scope of Administrative Charge - First, Second, Third, Fourth, Fifth and Sixth Causes of Action)

10       5.      Plaintiff's causes of action are barred in whole or in part to the extent that Plaintiff's

11  allegations do not appear in any timely and proper administrative charge filed by Plaintiff before

12  commencing this lawsuit.

13

## SIXTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

14

### (Failure to Take Advantage of Preventative/Corrective Opportunities/

15

### Avoidable Consequences - All Causes of Action)

16       6.      Defendant   exercised   reasonable   care   to   prevent   and   correct   any   unlawfully

17  discriminatory, retaliatory, and/or harassing workplace conduct allegedly experienced by Plaintiff.

18  Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by

19  Defendant or to avoid harm otherwise, and/or Plaintiff's reasonable use of such procedures would have

20  prevented all, or part, of the harm allegedly suffered by Plaintiff. Accordingly, Plaintiff's claims are

21  barred or, alternatively, his relief is limited.

22

## SEVENTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

23

### (Failure To Mitigate Damages - All Causes of Action)

24       7.      Plaintiff is barred from recovering any compensatory damages, and/or any recovery for

25  compensatory damages must be reduced, by virtue of his failure to exercise reasonable diligence to

26  mitigate his alleged damages.

27

28

3

## EIGHTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

### (Unclean Hands - All Causes of Action)

8.    Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

### (Estoppel - All Causes of Action)

9.    Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

### (Consent and Waiver - All Causes of Action)

10.    Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred by the doctrines of consent and waiver.

## ELEVENTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

### (Laches - All Causes of Action)

11.    Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred by the doctrine of laches because Plaintiff exercised inexcusable delay in commencing this action.

## TWELFTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

### (Indemnity/Contribution - All Causes of Action)

12.    Defendant alleges as to each and every cause of action that it is entitled to indemnification and contribution by apportionment against all parties, persons or entities whose acts or omissions directly or proximately caused or contributed to the incident alleged in the Complaint, or to the damages allegedly sustained by Plaintiff, if any, either as alleged in the Complaint or otherwise.

## THIRTEENTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

### (No Punitive Damages for Good Faith Conduct - All Causes of Action)

13.    Plaintiff is not entitled to recover any punitive damages for decisions or actions that are or were contrary to the policies that his employer instituted in good faith against wrongful or unlawful

DEFENDANT UNITED TECHNOLOGIES CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

44589221v.3

conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

#### (Outside Scope of Employment - All Causes of Action)

14.     To the extent Plaintiff allege that any employee of Defendants acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant.  Thus, Defendant is not liable for any such conduct, if it occurred.

### FIFTEENTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

#### (Undue Hardship - All Causes of Action)

15.     Any accommodation(s) allegedly demanded by Plaintiff would have caused Defendant undue hardship.

### SIXTEENTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

#### (Business Necessity - All Causes of Action)

16.     Defendant fulfilled whatever obligations it may have had to reasonably accommodate Plaintiff's purported disability and/or medical condition to the extent possible in light of business needs and necessities.

### SEVENTEENTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

#### (Unreasonable Accommodation - All Causes of Action)

17.     As a separate and distinct defense, assuming arguendo that Plaintiff was disabled and requested an accommodation, the accommodation requested by Plaintiff was unreasonable.

### EIGHTEENTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

#### (Managerial Privilege - All Causes of Action)

18.     Defendant and its agents were privileged in the exercise of managerial discretion with respect to Plaintiff's employment, and, in their conduct toward Plaintiff, neither Defendant nor its agents abused or exceeded their managerial discretion.

//

//

44589221v.3

1

## NINETEENTH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

2

### (Legitimate Business Reasons/Mixed-Motive - All Causes of Action)

3     19.     To the extent that Plaintiff demonstrates his protected status was a substantial motivating

4   factor for any challenged employment action, Defendant's actions were based on legitimate, non-

5   discriminatory, and/or non-retaliatory factors and Defendant would have taken the same action absent

6   the substantial motivating factor.  As a result, the court may not award Plaintiff damages, back pay, or

7   order reinstatement.  *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203, 211.

8

## TWENTIETH AFFIRMATIVE DEFENSE OR OTHER DEFENSE

9

### (Contribution By Plaintiff's Own Acts - All Causes of Action)

10    20.     If the injuries and/or alleged damages in the Complaint occurred at all (which Defendant

11  denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by

12  Plaintiff's own acts, omissions, and/or failures to act.

13

## TWENTY-FIRST AFFIRMATIVE DEFENSE OR OTHER DEFENSE

14

### (Workers' Compensation Preemption - All Causes of Action)

15    21.     Any and all claims by Plaintiff based in whole or in part upon any alleged physical or

16  emotional injury or distress, or any disability and/or medical condition, are barred and preempted by the

17  exclusivity provision of the California Workers' Compensation Act.  Cal. Lab. Code §§ 132a and 3200

18  *et seq.*

19

## TWENTY-SECOND AFFIRMATIVE DEFENSE OR OTHER DEFENSE

20

### (Failure to Cooperate in the Interactive Process - All Causes of Action)

21    22.     As a separate and distinct defense, Defendant alleges that the Complaint and each cause

22  of action therein, or some of them, are barred, in whole or in part, because Plaintiff failed to cooperate in

23  good faith in the interactive process.

24

## TWENTY-THIRD AFFIRMATIVE DEFENSE OR OTHER DEFENSE

25

### (Award of Punitive Damages is Unconstitutional - All Causes of Action)

26    23.     On their face and as applied to the Complaint, the provisions of Civil Code sections 3294,

27  et seq. violate Defendant's rights under the Due Process Clause of the Fourteenth Amendment of the

28

44589221v.3

United States Constitution and/or Article I, Section VII of the California Constitution in that, among other things: (1) the Civil Code provisions are unconstitutionally vague; and (2) the Civil Code provisions do not limit punitive damages to an amount that is constitutionally reasonable or proportionate to any harm caused.

## RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses.  Defendant reserves the right to assert additional defenses in the event that discovery or investigation indicates that such defenses would be appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.     That Plaintiff takes nothing by way of the Complaint;

2.     That Defendant did not damage or harm Plaintiff, in any way;

3.     That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

4.     That Defendant be awarded reasonable attorneys' fees according to proof;

5.     That Defendant be awarded its costs of suit incurred herein; and

6.     That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: March 15, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By:_____

Jonathan L. Brophy
Haven L. Claytor
Attorneys for Defendant
UNITED TECHNOLOGIES
CORPORATION

7

44589221v.3

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years
and not a party to the within action; my business address is 333 South Hope Street, Suite 3900, Los

4

Angeles, CA 90071-1406.

5

     On March 15, 2018 I served the following described as **Defendant United Technologies
Corporation's Answer to Plaintiff's Unverified Complaint** on the interested parties in this action:

6

7

     [XX] **U.S. MAIL** - by placing true copies thereof enclosed in sealed envelopes and/or packages
addressed as set forth on the following mailing list.

8

     [   ] **FEDERAL EXPRESS** - by placing the document(s) listed above in a sealed **Federal
Express** envelope with postage paid on account and deposited with **Federal Express** at Los Angeles,

9

California, addressed as set forth on the following mailing list.

10

| | |
|---|---|
| Jennifer B. Siverts<br>Adam M. Kent<br>**Law Offices of Jennifer B. Siverts**<br>4455 Morena Blvd., Suite 213<br>San Diego, CA 92117<br>Telephone:  (858) 272-5800<br>Facsimile:  (858) 272-2874<br><br>Email:Jennifer@jbsmlaw.com<br>*Attorneys for Plaintiff*<br>*Rafael Lacerna* | Keri Lynn Bush<br>**Lewis Brisbois Bisgaard & Smith**<br>650 Town Center Drive, Suite 1400<br>Costa Mesa, CA 92626<br>Telephone:  (714) 668-5558<br>Facsimile:  (714) 850-1030<br><br>Email: Keri.Bush@lewisbrisbois.com<br>*Attorneys for Defendant*<br>*Precision Engine Controls Corporation* |

11

12

13

14

15

16

17

     [   ] **ELECTRONIC** - by transmitting the document(s) listed above, **electronically,** via the e-
mail addresses set forth above.

18

19

     [   ] **FACSIMILE** - I sent such document from **facsimile machine** (213) 270-9601.  I certify
that said transmission was completed and that all pages were received and that a report was generated by
facsimile machine (213) 270-9601 which confirms said transmission and receipt.

20

21

     I am "readily familiar" with the firm's practice of collection and processing correspondence for
mailing.  Under that practice it would be deposited with the U.S. postal service on the same day with

22

postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware
that on motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after the day of deposit for mailing identified in the affidavit.

23

     I declare under penalty of perjury under the laws of the State of California that the above is true

24

and correct.

25

     Executed March 15, 2018 at Los Angeles, California.

26

27

                               Cherie Thompson

28

44588831v.1

# EXHIBIT 4

EXHIBIT 4

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JOHN L. BARBER, SB# 160317
2      E-Mail: John.Barber@lewisbrisbois.com
   KERI LYNN BUSH, SB# 158785
3      E-Mail: Keri.Bush@lewisbrisbois.com
   650 Town Center Drive, Suite 1400
4  Costa Mesa, California 92626
   Telephone: 714.545.9200
5  Facsimile: 714.850.1030

6  Attorneys for Defendant,
   PRECISION ENGINE CONTROLS CORPORATION
7  dba MEGGITT CONTROL SYSTEMS SAN DIEGO
   (erroneously sued and served as PRECISION ENGINE
8  CONTROLS CORPORATION)

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN DIEGO

11  | RAFAEL LACERNA, an individual, | CASE NO. 37-2017-00041529-CU-WT-CTL |
|---|---|
12  | Plaintiff, | **ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT** |
13  | vs. | **PRECISION ENGINE CONTROLS CORPORATION DBA MEGGITT** |
14  | UNITED TECHNOLOGIES | **CONTROL SYSTEMS SAN DIEGO** |
15  | CORPORATION, a corporation, PRECISION ENGINE CONTROLS CORPORATION, a | |
| | corporation; MEGGITT (SAN DIEGO), INC., | The Hon. Joan M. Lewis, Dept. C-65 |
16  | a corporation; MEGGITT HOLDINGS (CALIFORNIA), INC., a corporation and | |
17  | DOES 1-50 inclusive, | Action Filed:   November 1, 2017 |
| | | Trial Date:   None Set |
18  | Defendants. | |

19

20       Defendant PRECISION ENGINE CONTROLS CORPORATION dba MEGGITT

21  CONTROL SYSTEMS SAN DIEGO (erroneously sued and served as PRECISION ENGINE

22  CONTROLS CORPORATION) ("hereinafter referred to as "Defendant") hereby answers the

23  Complaint of RAFAEL LACERNA ("Plaintiff"), for itself and itself alone, as follows:

24                      **GENERAL DENIAL**

25       1.       Under the provisions of section 431.30 of the California Code of Civil Procedure,

26  Defendant denies each, every, and all of the allegations of the Complaint, and the whole thereof,

27  and denies that Plaintiff has sustained damages in the sums alleged, or in any other sum, or at all.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-9146-0186.1                                    1
ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT PRECISION ENGINE CONTROLS CORPORATION
DBA MEGGITT CONTROL SYSTEMS SAN DIEGO

1  2.  Further answering Plaintiff's Complaint, and the whole thereof, Defendant denies

2  that Plaintiff has sustained any injury, damage, or loss, if any, by reason of any act or omission of

3  Defendant or its agents or employees.

4  3.  Defendant has not completed its investigation of the facts of this case, has not

5  completed discovery in this matter, and has not completed its preparation for trial. The defenses

6  stated herein are based on Defendant's knowledge, information, and belief at this time.  Defendant

7  specifically reserves the right to modify, amend, or supplement any defense contained herein at

8  any time. Without conceding that it bears the burden of proof or persuasion as to any one of them,

9  Defendant asserts the following separate affirmative defenses to the Complaint.

10  **AFFIRMATIVE DEFENSES**

11  **FIRST AFFIRMATIVE DEFENSE**

12  **(Failure to State a Cause of Action)**

13  4.  The Complaint, and each cause of action therein, fails to state facts sufficient to

14  constitute a cause of action against this answering Defendant.

15  **SECOND AFFIRMATIVE DEFENSE**

16  **(Failure to Plead with Certainty and Particularity)**

17  5.  The allegations of the Complaint, and each and every purported cause of action

18  therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous, and

19  unintelligible.

20  **THIRD AFFIRMATIVE DEFENSE**

21  **(Failure to Mitigate Damages)**

22  6.  Plaintiff has failed to mitigate his damages, if any.

23  **FOURTH AFFIRMATIVE DEFENSE**

24  **(Civil Code § 1431.1)**

25  7.  The liability of Defendant, if any, for the non-economic damages claimed by

26  Plaintiff is limited by Section 1431.1 et seq. of the California Civil Code.

27  / / /

28  / / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2
ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT PRECISION ENGINE CONTROLS CORPORATION
DBA MEGGITT CONTROL SYSTEMS SAN DIEGO

1               **FIFTH AFFIRMATIVE DEFENSE**

2                       **(Offset)**

3         8.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

4 therein, is barred in whole or in part because Defendant is entitled to an offset for any monies

5 Plaintiff received from any source under the doctrine prohibiting double recovery set forth by *Witt*

6 *v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

7              **SIXTH AFFIRMATIVE DEFENSE**

8               **(Speculative Damages)**

9         9.     Plaintiff is precluded from recovering the damages alleged in the Complaint

10 because those damages are too vague, uncertain, and speculative to permit recovery.

11            **SEVENTH AFFIRMATIVE DEFENSE**

12         **(Pre-Existing Psychological Condition)**

13         10.     Plaintiff is not entitled to recover damages to the extent that any purported

14 emotional distress damages allegedly suffered by Plaintiff were caused by any pre-existing

15 psychological condition(s).

16             **EIGHTH AFFIRMATIVE DEFENSE**

17         **(Plaintiff Did Not Sustain Any Damages)**

18         11.     Defendant is informed and believes and thereon alleges that Plaintiff's claim for

19 prejudgment interest pursuant to Civil Code section 3288 is barred because Plaintiff sustained no

20 damages.

21             **NINTH AFFIRMATIVE DEFENSE**

22                  **(Estoppel)**

23         12.     Plaintiff's claims are barred, in whole or part, by the equitable doctrine of estoppel.

24             **TENTH AFFIRMATIVE DEFENSE**

25                  **(Laches)**

26         13.     The Complaint is barred in whole or in part, by the doctrine of laches.

27 / / /

28 / / /



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-9146-0186.1

3

1                     **ELEVENTH AFFIRMATIVE DEFENSE**

2                        **(Unclean Hands)**

3       14.    The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

4                     **TWELFTH AFFIRMATIVE DEFENSE**

5                     **(Doctrine of Waiver)**

6       15.    The Complaint is barred, in whole or in part, by the doctrine of waiver.

7                **THIRTEENTH AFFIRMATIVE DEFENSE**

8           **(Doctrine of Avoidable Consequences)**

9       16.    Plaintiff's Complaint is barred, in whole or in part, by the doctrine of avoidable

10 consequences.

11              **FOURTEENTH AFFIRMATIVE DEFENSE**

12                  **(Ratification)**

13       17.    Plaintiff and/or any agents of Plaintiff, at all times, ratified the acts, purported

14 omissions, representations, and/or other conduct of Defendant as alleged in Plaintiff's Complaint.

15               **FIFTEENTH AFFIRMATIVE DEFENSE**

16                **(Self-Instigation)**

17       18.    The conduct alleged in the Complaint, if it occurred, was instigated by Plaintiff.

18               **SIXTEENTH AFFIRMATIVE DEFENSE**

19               **(Plaintiff's Acts)**

20       19.    Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent

21 acts, thus barring or limiting Plaintiff's right of recovery.

22             **SEVENTEENTH AFFIRMATIVE DEFENSE**

23               **(Proximate Cause)**

24       20.    Plaintiff's alleged injuries or damages were proximately and legally caused by the

25 superseding and intervening conduct on the part of third parties, persons, and entities other than

26 Defendant and that, by virtue of said intervening and superseding conduct, Defendant has no legal

27 liability to Plaintiff herein.

28    / / /

4822-9146-0186.1

4

ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT PRECISION ENGINE CONTROLS CORPORATION
DBA MEGGITT CONTROL SYSTEMS SAN DIEGO

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    **EIGHTEENTH AFFIRMATIVE DEFENSE**

2    **(Comparative Fault)**

3        21.    Any and all damages or a portion of such damages sustained by Plaintiff, if any, as

4    alleged in the Complaint, were either fully or in part the fault of Plaintiff and/or other parties,

5    other persons and/or entities and based on principles of comparative fault, Defendant's liability, if

6    any, for Plaintiff's damages, if any, is reduced by the percentage of fault attributed to Plaintiff

7    and/or others.

8    **NINETEENTH AFFIRMATIVE DEFENSE**

9    **(Consent)**

10       22.    Plaintiff, at all relevant times, gave his consent, express or implied, to the alleged

11   acts, omissions and conduct of Defendant. Defendant may learn facts in written discovery and/or

12   at Plaintiff's deposition that may demonstrate Plaintiff engaged in conduct that would establish

13   consent to the conduct alleged in the Complaint, which would allow Defendant to assert the

14   equitable remedy of consent at the time of trial.

15   **TWENTIETH AFFIRMATIVE DEFENSE**

16   **(Failure to Exhaust Administrative Remedies)**

17       23.    Plaintiff failed to exhaust administrative remedies, including those required by state

18   statute, collective bargaining agreement, and/or internal grievance processes, and is therefore

19   barred from maintaining any or all causes of action.

20   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

21   **(Failure to Exhaust Judicial Remedies)**

22       24.    Defendant alleges Plaintiff failed to exhaust his applicable judicial remedies prior

23   to filing suit, so that relief sought in this action is barred, in whole or in part.

24   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

25   **(Good Cause)**

26       25.    Any employment related decisions by Defendant were made for good cause and

27   sufficient non-retaliatory reasons. Accordingly, Plaintiff is barred from any recovery in this

28   action.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-9146-0186.1
5
ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT PRECISION ENGINE CONTROLS CORPORATION
DBA MEGGITT CONTROL SYSTEMS SAN DIEGO

1                 **TWENTY-THIRD AFFIRMATIVE DEFENSE**

2                       **(Mixed-Motive)**

3       26.    At the time of the alleged adverse employment decision by Defendant, there existed

4 a legitimate reason to make said decision which, standing alone, would have induced Defendant to

5 make the same decision. Plaintiff is precluded from recovery because of the mixed motive

6 doctrine. (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 231.)

7                 **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

8                       **(Variance)**

9       27.    Plaintiff's claims, to the extent they are brought under the California Fair

10 Employment & Housing Act, are barred to the extent they vary from the allegations in the

11 administrative charge filed with the appropriate agency.

12                 **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

13                    **(FEHA Notice)**

14       28.    Plaintiff's claims for relief pursuant to the FEHA are barred because Defendant had

15 no notice of any alleged violation thereof.

16                 **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

17                  **(FEHA Limitations)**

18       29.    Defendant is informed and believes, and thereon alleges, that as to claims brought

19 under the Fair Employment and Housing Act, any actions that occurred more than one year prior

20 to the filing of an Administrative Complaint with the Department of Fair Employment Housing

21 are barred.

22                 **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

23           **(Worker's Compensation Exclusive Remedy)**

24       30.    Plaintiff's Complaint is barred, in whole or in part, by the exclusive remedy of

25 workers' compensation.

26 / / /

27 / / /

28 / / /



6

ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT PRECISION ENGINE CONTROLS CORPORATION DBA MEGGITT CONTROL SYSTEMS SAN DIEGO

1                              **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

2                             **(Res Judicata and Collateral Estoppel)**

3         31.    Plaintiff's claims are barred, in whole or part, by res judicata and/or collateral

4 estoppel.

5                               **TWENTY-NINTH AFFIRMATIVE DEFENSE**

6                          **(No Adverse Employment Action)**

7         32.    Defendant is informed and believes and thereon alleges that Plaintiff never suffered

8 any adverse employment action at the hand of Defendant.

9                                   **THIRTIETH AFFIRMATIVE DEFENSE**

10                        **(Legitimate Non-Discriminatory Reasons)**

11         33.    Plaintiff's claims are barred, in whole or in part, because the alleged conduct by

12 Defendant of which Plaintiff complains, if committed, was made in good faith, honestly, without

13 malice, in the exercise of business judgment and for legitimate, non-discriminatory reasons.

14                           **THIRTY-FIRST AFFIRMATIVE DEFENSE**

15                         **(Legitimate Business Necessity)**

16         34.    Plaintiff's claims are barred, in whole or in part, because Defendant's acts and/or

17 omissions were motivated by factors other than unlawful discrimination or retaliation and were

18 reasonable in response to a legitimate business necessity.

19                         **THIRTY-SECOND AFFIRMATIVE DEFENSE**

20                             **(Good Faith Belief)**

21         35.    Plaintiff's Complaint, and each and every purported cause of action therein, is

22 barred, in whole or in part, because actions taken with respect to Plaintiff's employment, if any,

23 were based on an honest, reasonable, and good faith belief in the facts as known and understood at

24 the time.

25                         **THIRTY-THIRD AFFIRMATIVE DEFENSE**

26                           **(Managerial Immunity)**

27         36.    Any and all conduct of which Plaintiff complains and which is attributed to

28 Defendant or its agents or employees was a just and proper exercise of management's discretion



4822-9146-0186.1          7

ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT PRECISION ENGINE CONTROLS CORPORATION
DBA MEGGITT CONTROL SYSTEMS SAN DIEGO

1   on the part of Defendant, its agents, or employees, and was undertaken for a fair and honest reason

2   and regulated by good faith and probable cause under the circumstances existing at all times

3   mentioned in Plaintiff's Complaint and Defendant is therefore immune from any liability.

4                         **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

5                               **(Same Employment Decision)**

6       37.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged

7   therein, is barred because, assuming arguendo that discriminatory or retaliatory reasons had been a

8   motivating factor in any employment decisions toward Plaintiff, Defendant would have made the

9   same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory

10   business reasons.

11                         **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

12                               **(Discretionary Acts)**

13       38.     Any and all conduct of which Plaintiff complains and which is attributed to

14   Defendant or its agents or employees was a just and proper exercise of management's discretion

15   on the part of Defendant and its agents or employees, and was undertaken for a fair and honest

16   reason and regulated by good faith under the circumstances existing at all times mentioned in

17   Plaintiff's Complaint.

18                         **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

19                             **(Unintentional Conduct)**

20       39.     The alleged discriminatory and/or retaliatory conduct was not intentional.

21                     **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

22                          **(No Prima Facie Case)**

23       40.     Plaintiff's purported causes of action for violation of the FEHA and Government

24   Code section 12940 et seq. fail as Plaintiff cannot establish a prima facie case.

25                       **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

26                   **(Superseding, Intervening Conduct)**

27       41.     If Plaintiff suffered any injury or damage, such was not proximately caused by

28   Defendant.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## THIRTY-NINTH AFFIRMATIVE DEFENSE

2

### (After-Acquired Evidence)

3       42.    Plaintiff's claims are barred, in whole or in part, by the doctrine of after acquired

4   evidence.

5

## FORTIETH AFFIRMATIVE DEFENSE

6

### (Statute of Limitations)

7       43.    Plaintiff's Complaint, and each and every purported cause of action therein, is

8   barred by the applicable statutes of limitations including, but not limited to, the statutes of

9   limitations set forth in Code of Civil Procedure sections 335.1, 338(a), 343; and Government Code

10   sections 12960 and 12965.

11

## FORTY-FIRST AFFIRMATIVE DEFENSE

12

### (Mistake of Fact and/or Law)

13       44.    Plaintiff's claims are barred by either a mistake of fact or a mistake of law or both.

14

## FORTY-SECOND AFFIRMATIVE DEFENSE

15

### (Actions Not Based on Protected Characteristic)

16       45.    Defendant's actions towards Plaintiff, if any, were based upon factors other than

17   Plaintiff's disability or engagement in a protected activity.

18

## FORTY-THIRD AFFIRMATIVE DEFENSE

19

### (Lack of Reasonable Care)

20       46.    Plaintiff is precluded from asserting his Complaint and the causes of action therein

21   because he failed to exercise reasonable care to avoid the injuries purportedly suffered.

22

## FORTY-FOURTH AFFIRMATIVE DEFENSE

23

### (Reasonable Acts)

24       47.    The actions of Defendant were reasonable, proper, and legal in all respects.

25   ///

26   ///

27   ///

28   ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    **FORTY-FIFTH AFFIRMATIVE DEFENSE**

2    **(No Unfair Business Practices)**

3         48.    Plaintiff's Cause of Action for Violation of Business & Professions Code section

4    17200, et seq. is barred in that the alleged practices are not unfair, the public is not likely to be

5    deceived by any alleged practices, Defendants gained no competitive advantage by such alleged

6    practices, and the benefits of the alleged practices outweigh any harm or other impact they may

7    cause.

8    **FORTY-SIXTH AFFIRMATIVE DEFENSE**

9    **(No Willful Violation)**

10        49.    The Complaint, and each and every purported cause of action contained therein, is

11   barred because Defendant did not willfully or intentionally, either directly or indirectly, violate

12   any statute or regulation referenced in the Complaint.

13   **FORTY-SEVENTH AFFIRMATIVE DEFENSE**

14   **(California Civil Code Section 1473)**

15        50.    Plaintiff's claims are barred by California Civil Code section 1473, et seq. because

16   Defendant duly performed, satisfied, and discharged all duties and obligations that it may have

17   owed to Plaintiff arising out of any and all agreements, representations, or contact made by it or on

18   behalf of this Defendant.

19   **FORTY-EIGHTH AFFIRMATIVE DEFENSE**

20   **(Attorneys' Fees)**

21        51.    The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

22   **FORTY-NINTH AFFIRMATIVE DEFENSE**

23   **(Recovery of Attorneys' Fees and Costs)**

24        52.    Defendant alleges that Plaintiff's claims against Defendant are without merit and,

25   as such, Defendant will be entitled to attorneys' fees and costs as the prevailing party under

26   Government Code section 12956.

27   / / /

28   / / /

4822-9146-0186.1

10

ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT PRECISION ENGINE CONTROLS CORPORATION DBA MEGGITT CONTROL SYSTEMS SAN DIEGO

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## FIFTIETH AFFIRMATIVE DEFENSE

2

### (Due Process)

3    53.    Plaintiff's claim for punitive damages is barred by the due process clauses of the

4    United States and California Constitutions.

5

## FIFTY-FIRST AFFIRMATIVE DEFENSE

6

### (No Entitlement to Punitive Damages)

7    54.    The Complaint, and each and every purported cause of action therein, fails to state

8    facts sufficient to recover punitive or exemplary damages or to show that Defendant was guilty of

9    malice, oppression, or fraud as required by Code of Civil Procedure section 3294.

10

## FIFTY-SECOND AFFIRMATIVE DEFENSE

11

### (Frivolous Claims)

12    55.    Plaintiff's Complaint and each purported cause of action therein were not brought

13    in good faith and are frivolous.  Therefore, the relief requested is precluded and Defendant is

14    entitled to recover its reasonable expenses, including attorneys' fees, incurred herein as a matter of

15    law pursuant to this Court's inherent authority and California Code of Civil Procedure section

16    128.7.

17

## FIFTY-THIRD AFFIRMATIVE DEFENSE

18

### (Unknown Defenses)

19    56.    Defendant may have other separate and/or additional defenses of which it is not

20    aware, and hereby reserve the right to assert them by amendment to this Answer as discovery

21    continues.

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-9146-0186.1

11

ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT PRECISION ENGINE CONTROLS CORPORATION
DBA MEGGITT CONTROL SYSTEMS SAN DIEGO

1    WHEREFORE, Defendant denies that Plaintiff is entitled to the relief requested in the

2  Prayer to the Complaint and prays for judgment as follows:

3    1.    That Plaintiff take nothing by way of his Complaint;

4    2.    For Defendant's costs of suit;

5    3.    For Defendant's reasonable attorney's fees pursuant to statute; and

6    4.    For such other further relief as the Court may deem proper.

7

8  DATED: March 15, 2018              LEWIS BRISBOIS BISGAARD & SMITH LLP

9

10                                   By: _____

11                                        Keri Lynn Bush
                                          Attorneys for Defendant, PRECISION ENGINE
12                                        CONTROLS CORPORATION dba MEGGITT
                                          CONTROL SYSTEMS SAN DIEGO (erroneously
13                                        sued and served as PRECISION ENGINE
                                          CONTROLS CORPORATION)
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | **CALIFORNIA STATE COURT PROOF OF SERVICE**

2 | Lacerna v. United Technologies Corporation - Case No. 37-2017-00041529

3 | STATE OF CALIFORNIA, COUNTY OF ORANGE

4 | At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626.

5 |

6 | On March 15, 2018, I served the following document(s): **ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT PRECISION ENGINE CONTROLS CORPORATION DBA MEGGITT CONTROL SYSTEMS SAN DIEGO**

7 |

8 | I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

9 | **SEE ATTACHED SERVICE LIST**

10 | The documents were served by the following means:

11 | ☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

12 |

13 | ☒ Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed

14 | for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

15 |

16 | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

17 | Executed on March 15, 2018, at Costa Mesa, California.

18 |

19 | _Nydia Shannon_

20 | NYDIA SHANNON

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-9146-0186.1

13

ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT PRECISION ENGINE CONTROLS CORPORATION DBA MEGGITT CONTROL SYSTEMS SAN DIEGO

**SERVICE LIST**
**Lacerna v. United Technologies Corporation**
**37-2017-00041529**

Jennifer B. Siverts - jennifer@jbsmlaw.com        Attorneys for Plaintiff,
Adam M. Kent - akent@jbsmlaw.com                     RAFAEL LACERNA
Law Office of Jennifer B. Siverts
4455 Morena Blvd., Suite 213
San Diego, CA 92117
Telephone: (858) 272-5800
Facsimile: (858) 272-2874

ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT PRECISION ENGINE CONTROLS CORPORATION
DBA MEGGITT CONTROL SYSTEMS SAN DIEGO

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW